United States District Court
Northern District of California

United States District Court
Northern District of California

UNITED STATES OF AMERICA,

Plaintiff,

v.

MANUEL ANDRADE,

Defendant.

Case No.: CR 01-40012-CW (KAW)

ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

## I. BACKGROUND

On February 3, 2003, Defendant Manuel Andrade was sentenced to 132 months in custody and five years of supervised release for felon in possession of a firearm (Class A felony). On April 18, 2013, Defendant's probation officer filed a petition alleging that Defendant, on a number of occasions, violated the conditions of his supervised release. The alleged violations were the commission of another federal, state or local crime (pimping, pandering, and human trafficking) and association with a convicted felon without permission. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on April 18, 2013.

Defendant was arrested on August 16, 2013. On September 3, 2013, a hearing was held on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Suzanne Morris. Assistant United States Attorney Talia Falk appeared on behalf of the Government. Probation Officer Barry Fisher was also present. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

Defendant's sentence for the Class A felony included a five-year term of supervised release pursuant to 18 U.S.C. § 3583(b). In so ordering, the Court imposed conditions of supervision, including the standard condition prohibiting the commission of another federal, state

or local crime, and standard condition number nine prohibiting the offender associating with any person convicted of a felony without permission from the probation officer.

On or about April 3, 2013, Defendant was arrested for violating California Health and Safety Code (HS) §§ 11378(A) (possession of a narcotic controlled substance for sale), 11379 (importation, sale, distribution of a controlled substance), Penal Code § 496 (buying stolen property), and Vehicle Code § 1085 (theft or unauthorized use of a vehicle). Defendant was operating a vehicle while his front seat passenger had his seatbelt unfastened. Law enforcement initiated a traffic stop and asked for Defendant's identification, and determined that his California Driver License was suspended. Defendant's passenger was identified as Vernon Pierstorff, who was convicted of a felony in 2006, and with whom Defendant did not have permission to associate. Officers conducted a search of the vehicle and found Bank of America checks and Bank of America paperwork that did not belong to either of the occupants. Officers also found a laptop, SD card, memory sticks, and other items. The SD card contained 132 files of personal information from a business called "All Pro Bail Bonds," including bank accounts, credit card numbers, home addresses, dates of birth, social security numbers, and court paperwork. Officers also recovered Methalylphenidate Hydrochloride, a Schedule II stimulant, in a bag belonging to Defendant. Officers later determined that the vehicle driven by Defendant was stolen from a mechanic in Richmond, California in August 2012. At the hearing, Defendant claimed that he was performing repair work on the car and had permission from one of the owner's family members to drive it.

At the hearing, Defense counsel pointed out that the Form 12 erroneously listed Defendant's most recent violation as a Grade A violation. The Government conceded that it was a Grade B and C violation.

Further, because Defendant is charged with a supervised release violation, the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. 3143. Defendant's underlying conviction was for felon in possession of a firearm and involved a firearm and a pipe bomb. This is Defendant's fifth Form 12 since his release. This is the third time Defendant has

United States District Court
Northern District of California

associated with a felon without obtaining permission from the Probation Department. In November 2012, Defendant was at the home of another individual on supervised release, when his acquaintance's probation officer visited. Defendant fled, but was later approached by the same probation officer when he was walking with her supervisee, at which time he gave that probation officer a false identification. As a result of these violations of his supervised release, Defendant was ordered to participate in home confinement with electronic monitoring for 60 days. In addition, Defendant has a history of taking vehicles without the owner's consent, and has numerous burglary convictions. Defendant also has a history of substance abuse, and has convictions for possession of a controlled substance. As provided above, Defendant was in possession of a controlled substance at the time of his arrest on April 13, 2013. At the hearing, Defense counsel argued that the Alameda County District Attorney dismissed charges against Defendant, but that does not mean that he did not violate the terms of his supervised release.

Defendant is also a flight risk, as he has been convicted of escape on two occasions and evading a peace officer on at least one occasion. While these convictions are old, as described above, Defendant fled from a probation officer and then gave false identification as recently as November 2012.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established by clear and convincing evidence that he is not a risk of flight or a danger to the community.

///

///

///

///

///

///

///

///

///

United States District Court
Northern District of California

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 9, 2013

KANDIS A. WESTMORE
United States Magistrate Judge